**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF NIA LLOYD WOOLLISCROFT, BAR NO. 11016.

No. 66365

**FILED**

OCT 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER IMPOSING RECIPROCAL DISCIPLINE*

This is a petition under SCR 114 to reciprocally discipline attorney Nia Lloyd Woolliscroft, based on discipline imposed upon her by the State Bar of California. Although permitted by the rules, Woolliscroft has not filed a response to the petition. SCR 114(3).

Woolliscroft was disciplined in California for impermissible fee-splitting with non-attorneys in a scheme in which she worked for at least three companies between March 2010 and September 2010 filing predatory-lender lawsuits on behalf of homeowners and sharing the fees paid by the homeowners with the non-attorney owners of the companies.

In addition, Woolliscroft renegotiated a retention agreement with one of the homeowners in November 2010 and received $17,000 in advanced fees and costs through April 2012; but she failed to deposit the money into an attorney-client trust account and failed to provide the homeowner with monthly billing statements or any accounting. Woolliscroft was found to have violated California Rules of Professional Conduct 1-320(A) (financial arrangements with non-lawyers), RPC 4-

SUPREME COURT
OF
NEVADA

(O) 1947A

14-35487

100(A) (preserving identity of funds and property of a client), and 4-100(B)(3) ) (preserving identity of funds and property of a client).[1]

Woolliscroft entered into a stipulated agreement with the California State Bar, and in June 2014, the California Supreme Court entered an order confirming a stipulated discipline of a stayed two-year suspension, along with a three-year probation subject to conditions. Those conditions include, though are not limited to, the following:

- Woolliscroft is suspended from the practice of law for the first six months of probation;

- Within one year of the effective date of her discipline (June 3, 2014), Woolliscroft must submit satisfactory evidence of attendance at the California Bar's Ethics School and passage of the test given at the end of the session;

- Woolliscroft must take and pass the Multistate Professional Responsibility Examination (MPRE), within one year of the effective date of her discipline;

- Woolliscroft must submit quarterly reports to the California Office of Probation during the period of her probation, and;

- Woolliscroft must pay restitution (of the principal amount plus 10 percent interest per annum) to the Client Security Fund in the amount of $87,500 and to Darlene Brown in the amount of $750 and provide proof of payment no later than 30 days prior to the end of her probation.

---

[1]Nevada's counterparts are RPC 5.4 (professional independence of a lawyer) and RPC 1.15 (safekeeping property).

Woolliscroft was also ordered to pay the costs of the disciplinary proceedings in California. Woolliscroft did not self-report this discipline to the Nevada State Bar within 30 days as required by SCR 114(1).

Pursuant to SCR 114(5), a final adjudication in another jurisdiction that an attorney has engaged in misconduct conclusively establishes the misconduct for purposes of Nevada's reciprocal disciplinary rules. SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates, or this court finds, that one of four exceptions applies. None of those exceptions is present in this case.

Accordingly, we grant the petition for reciprocal discipline. Attorney Nia Woolliscroft is hereby suspended for two years, with that suspension stayed. Woolliscroft shall serve an actual suspension of six months, and she is placed on probation for three years, subject to conditions.[2] Within one year of June 3, 2014, Woolliscroft shall provide the Nevada State Bar with (1) proof that she has passed the MPRE; (2) proof that she successfully completed the required Ethics School classes and passed the accompanying test; and (3) copies of all completed quarterly reports submitted to the California State Bar. Additionally, Woolliscroft shall furnish the Nevada State Bar with copies of all future quarterly reports and any other proof of compliance with her probationary conditions as requested by the State Bar, including the

[2]Woolliscroft is currently an inactive member of the Nevada State Bar. The six-month actual suspension shall not begin to run until Woolliscroft restores her membership status to active.

status of restitution. Woolliscroft and the State Bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:    David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Nia L. Woolliscroft
Perry Thompson, Admissions Office, United States Supreme Court